1  ERICA K. ROCUSH, SB #021297
   Erica.Rocush@lewisbrisbois.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
3  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
4  Telephone: 602.385.1040
   Facsimile: 602.385.1051
5  Attorneys for *New Crescent Investments, LLC*

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF ARIZONA

10 Fernando Gastelum,                      | No. 2:17-cv-02560-JAT

11          Plaintiff,                      | **DEFENDANT NEW CRESCENT INVESTMENTS, LLC's RESPONSE IN**
12          vs.                            | **OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY**
13 New Crescent Investments, LLC           | **JUDGMENT**

14          Defendant.

15

16        Pursuant to Fed. R. Civ. P. 56 and LRCiv. 56.1, Defendant New Crescent

17 Investments, LLC ("Defendant" or "New Crescent") submits this Response in Opposition

18 to plaintiff Fernando Gastelum's Motion for Partial Summary Judgment.  This Response is

19 supported by the following Memorandum of Points and Authorities, and the Controverting

20 Statement of Facts ("CSOF") filed concurrently herewith.

21                **MEMORANDUM OF POINTS AND AUTHORITIES**

22 **I.    FACTUAL BACKGROUND**

23        As relevant to the present motion, this matter involves a claim by Plaintiff Fernando

24 Gastelum ("Plaintiff" or "Gastelum") that Defendant has violated Title III of the

25 Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* ("Title III"), because the

26 website for a hotel owned and operated by Defendant, the Sheraton Crescent hotel located

27 at 2620 West Dunlap Avenue, Phoenix, AZ 85021 (the "Hotel") does not comply with 28

28 C.F.R. § 36.302.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1

1    Specifically, Plaintiff alleges that he visited a third party website, www.booking.com, and the Hotel's own website, www.sheratoncrescent.com, and that the websites failed to provide accessibility information for the Hotel as required by 28 C.F.R. §36.302(e)(ii). Plaintiff also alleges that he telephoned the Hotel and spoke with a clerk named Ashley and she stated that the Hotel is compliant with the Americans with Disabilities Act ("ADA"). Plaintiff claims that he visited the Hotel and found that it was not fully compliant with the ADA, and that therefore Defendant violated 28 C.F.R. § 36.302 because it misrepresented the accessibility features of the Hotel.

Defendant does own and operate the Hotel.  (Defendant's Controverting Statement of Facts (CSOF) ¶19).  Defendant operates the Hotel as a franchise of Starwood Hotels, its franchisor.  (CSOF ¶19).  Starwood Hotels is in turn a wholly owned subsidiary of Marriott International. (CSOF ¶19).  As far as Defendant is aware, the Hotel is fully compliant with the ADA.  (CSOF ¶26).

Defendant has no control over the www.booking.com website and has no say in what content is listed on that website regarding the Hotel.  (CSOF ¶20).  Defendant similarly has no way of preventing that website from listing information relating to the Hotel. (CSOF ¶20).

The website www.sheratoncrescent.com is a website that is owned and operated by Marriott International.  (CSOF  ¶21).   Upon accessing the Hotel's website, www.sheratoncrescent.com, there is a link at the bottom of the home page to "Accessibility Information."  (CSOF ¶22).  Upon clicking on that link, the website user is directed to the following URL: http://www.starwoodhotels.com/sheraton/property/features/index.html?propertyID=102&language=en_US&ES=LPS_102_EN_SI_WEST_NAD.  (CSOF ¶22).  That page in turn contains a tab "Accessibility."  (CSOF ¶23). That tab when opened contains the following information:

> This hotel is committed to making our facilities, amenities and services accessible to guests with disabilities.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    ACCESSIBLE PUBLIC SPACES

2    Public entrance

3    Service animals welcome

4    Accessible route from public entrance to registration

5    Accessible route from public entrance to guest rooms

6    Accessible route from public entrance to restaurant

7    Accessible route from public entrance to meeting
      room/ballroom

8
      Accessible route from public entrance to swimming pool

9
      Accessible route from public entrance to business center

10
      Valet parking

11
      Self-parking area for cars

12
      Self-parking area for vans

13
      Swimming pool

14
      Business center

15
      Assistive listening devices for meetings

16
      ACCESSIBLE GUEST ROOMS

17
      Roll-in showers

18
      Bathtubs with grab bars

19
      Transfer showers

20
      Visual fire alarm

21
      Portable communications kits containing visual alarms &
22    notification devices

23    Mobility-accessible doors with at least 32 inches of clear door
      width

24
      Portable tub seats

25
      TTY (Text Telephone Device)

26
      Televisions with closed captioning for the hearing impaired

27
      Clarifying Note: certain areas of the hotel are not fully
28    accessible to guests with disabilities.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1                              3

1    PUBLIC SPACES

2    Complimentary wheelchair-accessible transportation

3    Accessible route from public entrance to fitness center

4    Registration desk

5    Fitness center

6    We will attempt to make reasonable modifications to our
     policies, practices, or procedures for guests with disabilities in
7    order to provide them with access to the facilities and services
     our hotel has to offer.

8
     Questions about the accessible facilities and services offered
9    should be directed to the hotel at (1)(602) 943-8200. (CSOF
     ¶23).

10
          Defendant denies that it employs, or has ever employed, any employee named
11
Ashley.  (CSOF ¶25).  Defendant contends that the Hotel is compliant with the ADA in
12
regards to the characteristics alleged by Plaintiff to not be compliant and that as far as
13
Defendant is aware, the Hotel fully complies with the ADA in regards to its physical
14
characteristics.  (CSOF ¶26).  Therefore, any representation by an employee to that the
15
Hotel complies with the ADA would be truthful.  (CSOF ¶26).  Defendant has no record of
16
Plaintiff ever contacting the Hotel, visiting the Hotel, or attempting to book a room at the
17
Hotel. (CSOF ¶27).
18
**II.    SUMMARY JUDGMENT STANDARD**
19
          Summary judgment is proper when "the movant shows that there is no genuine
20
issue as to any material fact and that the movant is entitled to judgment as a matter of law."
21
Fed. R. Civ. P. 56(a).  Conversely, "[w]here reasonable minds could differ on the material
22
facts at issue, summary judgment is not appropriate."  *Basic Mgmt. v. United States*, 569
23
F.Supp.2d 1106, 1113 (9th Cir. 2008).  Similarly, "if a rational trier of fact might resolve
24
the issue in favor of the nonmoving party, summary judgment must be denied." *T.W. Elec.*
25
*Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 631 (9th Cir. 1987) (citing
26
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89
27
L. Ed. 2d 538 (1986)). *See also Chew v. Gates*, 27 F.3d 1432, 1453 (9th Cir. 1994) (holding
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1                                    4

1  that because whether the use of LAPD dogs, as trained and deployed, constitutes the use of

2  deadly force cannot be decided as a matter of law, summary judgment must be denied).

3       In this case, because reasonable minds could, and in fact should, resolve the present

4  issue in favor of Defendant rather than Plaintiff, and reasonable minds could certainly

5  differ regarding whether Plaintiff can prevail on his claim that Defendant has violated 28

6  C.F.R. §36.302, Plaintiff's motion for partial summary judgment should be denied.

7  **III.**   **PLAINTIFF CANNOT ESTABLISH THAT DEFENDANT HAS VIOLATED**

8         **THE ADA AS A MATTER OF LAW**

9       **A.**   **Requirements of 28 C.F.R. §36.302.**

10       28 C.F.R. §36.302(e) states, in relevant part, that:

11       (1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect
12       to reservations made by any means, including by telephone, in-person, or through a third party—

13

14       (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need
15       accessible rooms;

16       (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit
17       individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs…

18       28 CFR 36.302 (e)(1)(i)-(ii).

19
     The official Guidance to the regulation sets forth the scope of what regulators
20
anticipated being required to comply with 28 C.F.R. §36.302(e):
21
     Because of the wide variations in the level of accessibility that travelers will
22       encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991
23       Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe
24       executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications
25       features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be
26       comfortable making reservations.

27       For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances
28       to the hotel, the path of travel to guest check-in and other essential services,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1                                     5

1   and the accessible route to the accessible room or rooms. In addition to the
2   room information described above, these hotels should provide information
    about important features that do not comply with the 1991 Standards. For
3   example, if the door to the "accessible" room or bathroom is narrower than
    required, this information should be included (e.g., door to guest room
4   measures 30 inches clear). This width may not meet current standards but
    may be adequate for some wheelchair users who use narrower chairs. In
5   many cases, older hotels provide services through alternatives to barrier
    removal, for example, by providing check-in or concierge services at a
6   different, accessible location.

7   75 FR 56236.

8   Although there is a dearth of cases addressing how detailed a reservation system's

9   description of an accessible room's features must be, there is one case that has dealt with

10  the issue, *Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb.

11  16, 2017).  In *Barnes*, the plaintiff brought an action against Marriott Hotels alleging the

12  Marriott reservation system did not state with particularity the accessible features of the

13  room. The Court found that Marriott's reservation system was compliant with §36.302:

14      The Hotel, which was constructed to be compliant with the 1991 Standards,
        provides descriptions of accessible features on its website that include the
15      level of detail proposed by the ADA Guidance document. See Dkt. No. 38,
        Plaintiff's Request for Judicial Notice (showing documents from Marriott's
16      website stating, "[a]ccessible guest rooms have a 32 inch wide opening," and
        listing the areas of the hotel that are accessible, as well as describing
17      "Accessible Room Features" for individual room types: "[t]his room type
        offers mobility accessible rooms[;] [t]his room type offers accessible rooms
18      with roll in showers[.]"). According to the DOJ guidance document
        interpreting the ADA Accessibility Guidelines, which courts have held is
19      "entitled to substantial deference," *Kohler v. Presidio Int'l, Inc.*, 782 F.3d
        1064, 1069 (9th Cir. 2015), these descriptions and this level of detail is
20      appropriate and acceptable. The court is thus not persuaded that Marriott's
        website violates Section 36.302(e) for any failure to identify and describe
21      accessibility features." *Id.* at *28-29.

22  Based on the foregoing, the court held that the hotel met the requirements of the

23  regulation by providing minimal information on the room, e.g. whether it was mobility

24  accessible or had a roll-in shower, and the hotel was not required to list more specific

25  features like counter heights.  *Id.*

26      **B.      The Hotel's website complies with 29 C.F.R. §36.302(e)(ii).**

27  Contrary to the direction provided by the official guidance to the regulation and the

28  district court in *Barnes*, Plaintiff provides absolutely no support for his assertion that a


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1

1   hotel website must contain all, or even any, of the items that he alleges the Hotel's website

2   is lacking, such as whether drinking fountains comply with §211 or washing machines and

3   clothes dryers comply with §§214 and 611 of the 2010 Accessibility Standards.  Rather, all

4   the regulation itself requires is that the hotel "[i]dentify and describe accessible features in

5   the hotels and guest rooms offered through its reservations service *in enough detail to*

6   *reasonably permit individuals with disabilities to assess independently* whether a given

7   hotel or guest room meets his or her accessibility needs."   28 C.F.R. § 36.302(e)(ii)

8   (emphasis added).   Nowhere does the regulation or any guidance state that every single

9   accessibility feature needs to be listed or that specific reference to the applicable regulation

10   or 2010 Accessibility Standard needs to be made on the website.   Indeed, to list such

11   information would in all likelihood not assist a reasonable person in determining the

12   accessibility of a hotel and would lead to more confusion than clarity for someone who is

13   not legally trained.

14   Moreover, the only available guidance on the subject directly contradicts Plaintiff's

15   argument, because it makes clear that not every accessibility feature does need to be listed,

16   and that it is sufficient to either simply list the room type, size and number of beds, type of

17   accessible bathing facility, and communications features available in the room, for hotels

18   that are compliant with the 1991 Standards; or to list information about accessible

19   entrances to the hotel, the path of travel to guest check-in and other essential services, the

20   accessible route to the accessible room, and information about important features that do

21   not comply with the 1991 Standards, for those hotels that are not fully compliant with the

22   1991 Standards.

23   Based on the foregoing, there is no basis to conclude that Defendant is not in

24   compliance with 28 C.F.R. § 36.302(e)(ii) because its website does not list all of the

25   information identified by Plaintiff, or that there is any legal requirement that its website

26   contain all of the information identified by Plaintiff, or any information in addition to that

27   already contained on the Hotel's website.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      To that end, in this case, the Hotel's website meets the standards set forth by the

2   Court in *Barnes* and in the official guidance to the regulation.  The website lists all of the

3   accessible public spaces (i.e., accessible route from public entrance to registration,

4   accessible route from public entrance to guest rooms, accessible route from public entrance

5   to restaurant, accessible route from public entrance to meeting room/ballroom, accessible

6   route from public entrance to swimming pool, accessible route from public entrance to

7   business center, etc.).  It also lists that accessible guest rooms have roll-in showers,

8   bathtubs with grab bars, transfer showers, visual fire alarms, portable communications kits

9   containing visual alarms & notification devices, mobility-accessible doors with at least 32

10  inches of clear door width, portable tub seats, TTY (Text Telephone Device), and

11  televisions with closed captioning for the hearing impaired.  Moreover, when an individual

12  proceeds to book a room, the accessible room types that are available are provided.

13  (CSOF ¶25).

14      This level of detail fully complies with the guidance to the regulation, as it includes

15  the room type, size and number of beds, type of accessible bathing facility,

16  communications features available in the room, information about accessible entrances to

17  the hotel, the path of travel to guest check-in and other essential services, and the

18  accessible route to the accessible room.  Although the website does not list information

19  about important features that do not comply with the 1991 Standards, this is because there

20  are no such features.  Therefore, even if the Hotel does not fully comply with the 1991

21  Standards (which Defendant disputes), because there are no important features of the Hotel

22  that are not compliant with such Standards, the Hotel's website meets the standards set

23  forth in both *Barnes* and the official guidance to the regulation, and therefore complies

24  with 28 C.F.R. §36.302(e)(ii).

25      Consequently, there is no basis for finding at all, let alone as a matter of law, that

26  Defendant has violated the ADA by not listing on its website the information that Plaintiff,

27  without any legal support, alleges is missing from the website, as there is simply no

28  requirement that all such information be contained on the website.  Indeed, contrary to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiff's arguments, if anything it can be properly determined as a matter of law that the

2  Hotel's website is compliant with the applicable regulations.

3            **C.**         **<u>Defendant is not responsible for the information contained on the</u>**

4                      **<u>booking.com website.</u>**

5          Although Plaintiff alleges that the website <u>www.booking.com</u> does not comply with

6  28 C.F.R. §36.302, Defendant cannot be liable for any such failure to comply, as

7  Defendant has no control over the site or the information contained on the site and it is

8  owned and operated from an entity that has no relationship to Defendant.  Although 28

9  C.F.R. §36.302(e)(1) does reference a third party, this can only reasonably refer to when a

10  hotel owner or operator contracts with a third party to operate its reservation system, and

11  not a completely independent third party over which an owner or operator has no control

12  whatsoever.

13          To that end, the official guidance to the regulation makes clear the scope of the

14  duties of an owner and operator in regards to third party sites:

15–19
> Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

20          75 FR 56236, 56273-56274.

21          In this case, Defendant makes available to all third party booking sites the

22  accessibility features of the Hotel.  Indeed, all a third party site would need to do is access

23  the Hotel's own site to obtain a list of the accessibility features.  Therefore, Defendant

24  cannot be liable for www.booking.com's failure, if any, to list the accessibility features of

25  the Hotel.

26

27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

**D.    Plaintiff cannot establish as a matter of law that Defendant made any misrepresentations**.

Finally, Plaintiff cannot establish, let alone as a matter of law, that Defendant made any misrepresentation to Plaintiff regarding the compliance of the Hotel with the ADA. To that end, Plaintiff alleges that he spoke with a reservations clerk named Ashley when he called the Hotel.    Defendant denies ever employing any reservations clerk or other employee named Ashley at the Hotel, and therefore disputes that any such person provided Plaintiff any information at all regarding the Hotel.    Moreover, Defendant contends that the physical aspects of the Hotel are compliant with the ADA and that therefore any representation made by an employee of the Hotel that it was ADA compliant would not have been a misrepresentation.    Therefore, Plaintiff cannot establish as a matter of law that any employee of Defendant made any misrepresentations to him regarding the ADA accessibility of the Hotel.

## I.    CONCLUSION

For the foregoing reasons, New Crescent respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment in its entirety.

DATED this 8th day of November, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


By  /s/ *Erica K. Rocush*
        Erica K. Rocush
        Attorneys for CL West Management

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1

10

**1**

<b><u>CERTIFICATE OF SERVICE</u></b>

**2**

**3**

**4**

**5**

I hereby certify that on November 8, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and deposited the same in the U.S. Mail to the following CM/ECF registrants:

**6**

**7**

**8**

**9**

Peter Strojnik
STROJNIK, P.C.
2375 East Camelback Road
Suite 600
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

**10**

**11**

  /s/ *Laura M. Nagelkirk*

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-4351-4195.1

11